Messrs. Watts and S. Riddle, *pro quer.*

Messrs. Brown and Dunlap, *pro def.*

## *George Stroup, plaintiff in error *against* [*523 Wilson M'Clure.

If there are more than four days between the date of the justice's warrant and return in proceedings between landlord and tenant, it is cured by the tenant's appearance and making defence.

WRIT of error to the Common Pleas of Cumberland county, to remove certain proceedings had before two justices of the peace, under the landlord and tenant act, and affirmed afterwards in that court upon a *certiorari.*

It appeared by the record returned, that the warrant of the justices was in these words :

Cumberland County, *ss.*   The Commonwealth, &c.

Whereas complaint and due proof were this day made before William Levis and Jacob Hendel, esquires, two of the justices of the peace for the said county, that a certain James Alricks, on the 1st day of April 1797, was quietly and peaceably possessed of a certain messuage and tract of land, containing 294½ acres, adjoining George Stroup and others, and being so thereof possessed, by his certain lease, bearing date the 16th day of March 1797, did demise, &c. to George Stroup, for one year, from the 1st day of April then next, at the rent of 20l.   That the said George Stroup entered, &c.   That the said term is fully ended, and that the said James, on the 1st day of January last past, did demand and require the said George Stroup to remove from and leave the same, and that the said George Stroup hath heretofore refused &c. ; and that the said James Alricks, on the 17th day of April 1801, conveyed the premises to Wilson M'Clure.   Therefore, we command you, that you summon, &c., to be and appear before the said justices on the 20th day of October instant, at the courthouse in Carlisle, at two of the clock in the afternoon of that day, and that you summon, &c. Witness the said William Levis and Jacob Hendel, the 15th day of October 1801.

The inquisition run thus :

Inquisition indented and taken at Carlisle on the 20th day of October 1801, before William Levis and Jacob Hendel. esquires, two of the justices, &c., by the oaths of, &c., twelve substantial freeholders, who upon their oaths and affirmations respectively do say, that James Alricks, on the 1st day of April 1797, was quietly, &c., (as in the warrant) and that the said James being desirous of repossessing the same premises, did on the 1st day of January last past, demand and require the said George Stroup to remove and leave the same ; that the same George hitherto hath refused, and still doth refuse to comply therewith ; and that the said James Alricks, by his deed, dated April 17, 1801, conveyed the premises aforesaid to Wilson M'Clure : and the said freeholders do assess damages against *the said George Stroup, for the unjust detention of the premises, to $3, besides costs.   And thereupon the said justices rendered judgment for the said $3, together with $20.72 cents costs, and restitution of the premises.   In witness whereof, as well the said justices as the said freeholders, have hereunto set their hands and seals the day and year first above written.

*524]

On the 4th April 1806, the Court of Common Pleas made an order, requiring the two justices of the peace to amend their return under their hands and seals, and make such return by ten o'clock next day.   Accordingly they made such return under their hands and seals on the next day ; and they further returned, that they inquired of the said George Stroup, whether he was willing to proceed to trial on the 20th October aforesaid, and he then expressed his willingness so to do.

Mr. Watts for the plaintiff in error, took the following exceptions to the proceedings, and assigned the same for error :

1st. That on the plaintiff alledging a diminution of the record in the Court of Common Pleas, that the two justices had made no return under their hands and seals, and that the lease stated in the return of the justices to have been made by James Alricks to George Stroup, and the deed of assignment made by the said James Alricks to Wilson M'Clure were not returned; the Court of Common Pleas refused to make a rule on the justices, to return the same lease and deed.   It was absolutely necessary that the justices should make a return of these instruments, to enable the court to judge of their legal effect.

2d. The warrant issued by the justices is not made returnable within four days.

By sec. 12, of the act of 21st March 1772, 1 Dall. St. Laws 612, the summons for the freeholders and tenant to appear, must be within four days next after issuing the precept.   A special jurisdiction is given to the justices, which ought to be strictly pursued.   Here the warrant was tested on the 15th October, and the day of appearance on the 20th of the same month.

[Stroup, in Error, *v.* M'Clure.]

3d. It is not stated that the proceedings were held at the court-house in Carlisle.

This departure from the terms of the warrant is submitted to the court without remark.

4th. There is no legal notice to quit, found by the justices and freeholders.

Here the jury only found the notice, and the justices made a record of it and awarded restitution. The finding must be by the justices as well as freeholders. The bare signing and sealing of the inquisition by the justices is not *suf- [525* ficient. Besides, the time of quitting the premises is not even found by the freeholders.

Mr. Duncan, for the landlord, answered in substance as follows:

1st. No diminution appears to have been prayed on the record. The justices have returned their proceedings under their hands and seals, and they were not bound to return the release and deed.

2d. It is no ground of complaint, that the court allowed the tenant a longer time to make his defence, than they were bound by law to do. It sounds strangely from his mouth. A conviction on the Game laws has been held sufficient, when the party was present at the reading of the information and the examination of the witnesses; and that when called on for his defence, he produced no evidence, nor asked further time, though no previous summons had issued against him. 1 East 639. Here the tenant was summoned regularly, appeared with his counsel, expressed his willingness to go on, and was fully heard as to every objection both of fact and law.

3d. If the tenant appeared at any house whatever in Carlisle and made his defence, it is sufficient. No surprise can be alledged.

4th. The time to quit is never specified in such cases. The proceedings pursue the forms in Read's Appendix to his Abridgment of the laws, 456. The justices rendering judgment on the finding of the jury, and signing the inquisition, is virtually a finding by them, and a full approbation of what the jury have done.

The chief justice delivered the opinion of the court in few words on the exceptions taken:

1. The jury might either find the lease or deed in *hæc verba,* or the substance of them; but the justices were not bound to return the lease or deed to the court.

2. If even the five days between the date of the warrant and its return were improper, it is cured by the tenant's appearance and willingness to proceed to trial in this instance.

3. The tenant made a full defence before the jury.

4. The record pursues the terms of the act of assembly and is conformable to established precedents. The justices have ·

expressed their full concurrence with the finding of the jury, and are never sworn in such case.

Judgment of the Common Pleas affirmed.