Sewall, J.
The rule has always been, I believe, that an action of deceit, or an action on the case for a deceit, in a bargain or trade, is maintainable only where the deception complained of has been intentional on the part of the seller; and it must [ * 200 ] also appear that the party purchasing had been * actually deceived, and had sustained thereby a loss or damage. There is, then, an injury, for which the law affords a remedy. (6)
In applying this rule, there has been some diversity of opinions, as to the cases within it. The rule has not been varied; but the decisions have not been uniform, as to the facts and circumstances from which a wilful and actual deception are, in particular cases, to be presumed and considered as proved. Where the sale has been accompanied with a warranty, the remedy of the purchaser is maintained upon other principles. It is for a deception, or mistake, amounting to a breach of a contract, — a contract which may be said to be collateral to the sale, by force of which the purchase is placed at the risk of the seller, as to every existing defect in the qualities of the articles sold, so far as the warranty applies. (7) The general doctrine, as it has ever since been recognized in practice, is accurately exemplified by Justice Popharn in the case of the Bezoar stone, as cited in Dyer. (8) The case is reported by Croke, and was referred to by the defendants’ counsel in the case at bar. (a) Justice Popharn states the rule thus: If I have an article, which is defective, whether victuals, or any thing else, and I, knowing it to be defective, sell it as sound, and so represent or affirm it, an action upon the case lies for the deceit; but although it be defective, if that is unknown to me, although I represent or affirm it to be sound, yet no action lies, unless I warrant it to be sound. To be liable to an action for the deceit incurred, the affirmation or representation of the seller is to be proved ; and it must appear that he had been therein wilfully and intentionally false. Now, there are cases in which a representation wilfully false is to be presumed from the circumstances of the transaction and of the parties, when it is not required to be otherwise or directly proved. In this way perhaps what was cited from Blackstone’s Commentaries, and relied on for *207 the plaintiff, in the argument of the case at bar, may be reconciled with the general doctrine as I have stated it; and so likewise many decisions, which seeni at first sight to indicate another rule, will be found within the general doctrine exemplified by Justice Popham, at least in the intended application of it.
* Justice Blacksione (9) has classed the cases of deceit [ * 201 ] and breaches of express warranties, in contracts for sales, under the head of implied contracts. He says it is constantly understood that the seller undertakes that the commodity he sells is his own; and in contracts for provisions, it is always implied that they are wholesome ; and in a sale with warranty, the law annexes a tacit contract that, if the article be not as warranted, compensation shall be made to the buyer; and if the vendor knows his goods to be unsound, and hath used any art to disguise them, or if they be in any shape different from what he represents them to be to the buyer, this artifice shall be equivalent to an express warranty, and the vendor is answerable for their goodness.
It is obvious that, in this very general classification, the details and examples are imperfectly introduced, and with some inaccuracy. It is not implied, in every sale of provisions, that they are wholesome, any move than it is in sales of other articles, where proof of a distinct affirmation seems, in Justice Blacksione’s opinion, to be requisite. (a) The contrary may be, and often is, understood between the parties; and it is only when the false representation, to be proved in the one case, may be presumed or taken to be proved in the other, that the rule of law applies, and the remedy, as in a case of deceit, is allowed. An artifice must be proved, to entitle the suffering party to the remedy, equivalent to a remedy upon an express warranty, as well in the case of provisions, as in any other case. The difference is, that, in the case of provisions, the artifice is proved, when a victualler sells meat as fresh to his customers at a sound price, which at the time was stale and defective, or unwholesome from the state in which the animal died. For, in the nature of the bargain, the very offer to sell is a representation or affirmation of the soundness of the article, when nothing to the contrary is expressly stated ; and his knowledge of the falsehood in this representation is also to be presumed from the nature and duties of his calling and trade.
But cases may be supposed where, this presumption being repelled by contrary evidence, the seller would not be * liable ; as where a different representation made; and [ * 202 ] *208 this is proved directly, or is necessarily to be presumed from the nature of the article, the state of the market, or other circumstances. Indeed, there is nothing to be inferred in a sale of provisions which may not be inferred, to a like purpose, in other cases, where the calling or profession of the seller, the soundness of the price, and the nature of the article sold, have been made the grounds of decision.
There is an especial and invariable presumption as to the property of the vendor, where the article sold was in his possession; and hence the distinction, when the article is, and when it is not, in his possession. And, upon the whole, it will be found, I believe, in every instance, that the action as for a deceit has been maintained in those cases only where an affirmation or representation wilfully false, or some artifice, has been proved, or has been taken to be proved, either directly, or because it was necessarily to be presumed from the circumstances and nature of the bargain, and the situation of the parties.
It is admitted, in the case at bar, that, in the bargain between these parties, there was no direct affirmation of the soundness of the article. Perhaps, however, a representation to this effect is necessarily to be implied from the nature of the bargain, it being in the common course of dealing, and for a sound price, and for an article which, to be of any value, must be understood to be sound. Thus much, at least, may be safely presumed, as the understanding between these parties, that, as to the kind, the quality, the state, and quantity, of the meat contained in the barrels sold by the one, and purchased by the other, as barrels of merchantable beef, the seller undertook to have full faith in the brand of the deputy inspector, a public officer employed and intrusted to ascertain these facts. The seller must be understood to represent that, for aught he had known to the contrary, the brand appearing on the barrels had been truly and faithfully applied, and that no alteration or change of the article had happened within his knowledge. Now, is there any evidence, or any circumstance in this transaction, from which it may be inferred that; in an affirmation to this effect, [ * 203 ] * the sellers would have been wilfully false, or that, in an express representation, such as I have supposed to be implied in this case, they would have been guilty of an artifice ? They would have been chargeable to that extent, if, at the time of the sale, they had any knowledge of the bad state of the barrels, such as it proved to he, or .had any special reason to suspect that the beef in them had not been properly cured, was without sufficient salt, was already in a putrid state, or becoming putrid, or, in short, if they then knew, or actually suspected, that, in this instance, *209 the inspector had been false, ignorant, or depraved. With evidence to that effect, this case would be within the rule, and the plaintiffs entitled to this remedy for the deception, which they undoubtedly suffered, and from which a loss and damage have ensued. But on this point the evidence fails. Indeed, it is admitted that the defendants had no knowledge, at the time of the sale, of the unsuitable quality and state of the beef, or of the barrels containing it; or that it had not been packed as the law requires.
In this state of the evidence and of the case, the result is in favor of the defendants. Against them the plaintiffs have no remedy for the loss and damage sustained by a deception which has not happened, or been effected by any false representation or artifice chargeable to the defendants ; and they took upon them no extraordinary risk in this particular by any warranty accompanying the sale.
The plaintiffs are to become nonsuit, and judgment is to be entered, for the defendants to recover their costs, (a)
*210 ADDITIONAL NOTE.
[See Osgood vs. Lewis, 2 Har. & G. 495.— Hyatt vs. Boyle, 5 Gill &. 110.--Franklin vs. Long, 7 Gill &. 407.—Executors, &c., vs. Edwards, 2 Bail 306.— Davis vs. Hunt, 2 Bait. 413. — Fuller vs. Fowler, 1 Bail 75. — Carnochan vs. Gould,
I Bail 179. — Smith vs. Rice, 1 Bail. 648. — Baird vs. Matthews, 6 Dana, 129.— King vs. Barker, 1 Yerg. 450.— Shenault vs. Eaton, 4 Yerg. 98.—5 Yerg. 265.— Morehead vs. Gayle, 2 St. & P. 224. — Cozzins vs. Whitaker, 3 St. & P. 322. — Ricks vs. Dillahunty, 8 Por. 133.—Hogan vs. Thorington, 8 Por. 428.— West vs. Cunningham, 9 Por. 104. — Barnett vs. Stanton, 2 Alab. (N. S.) 82. — Magee vs. Billingley, 3 Alab. (N. S.) 679.— Van Ostrand vs. Reid, 1 Wend. 424. — Peltier vs, Collins, 3 Wend. 459. — Gallagher vs. Waring, 9 Wend. 20. — Whitney vs. Sutton, 10 Wend. 411. — Judd vs. Dennison, 10 Wend. 512.— Case vs. Boughton, 11 Wend. 106. — Boor-man vs. Jenkins, 12 Wend. 566. — Hart vs. Wright, 37 Wend. 267. — Waring vs. Mason, 18 Wend. 425. — Salisbury vs. Stainer, 19 Wend. 159. — Allen vs. Hammond,
II Pet. 63. — Blydenburg vs. Welsh, Baldw. 333.— Goodhue vs. Butman, & Greenl. 116. — West vs. Anderson, 9 Conn. 107. — Campbell vs. Fleming, 1 Ad El 40.— M’Donald vs. Tiafton, 3 Shepl. 225. — Beeman vs. Buck, 3 Verm 53. — Perley vs. Batch, 23 Pick. 283. — Holbrook vs. Burt, 22 Pick. 546. —Atkins vs. Howe, 18 Pick. 16. —Sprague vs. Blake, 20 Wend. 61.—Adams vs. Rogers, 9 Watts, 321. — McFarland vs. Newman, 9 Watts, 55. —Ease vs. John, 30 Watts, 307.
The plaintiff, a wine merchant, went to the shop of the defendant, a dealer in ropes, &c., to purchase a crane-rope, telling him it was wanted to raise pipes of wine from a cellar. The defendant, not having one of the right size, undertook to get one made, and sent his servant to the plaintiff’s premises to take the measure, and after-wards to fix the rope. Held, there was an implied warranty that the rope should be fit and proper for the purpose; the defendant being, as to the plaintiff, the manufac turer of it. — Brown vs. Edgington, 2 Scott, (New,) 496.
It seems, the same rule applies, wherever the buyer relies upon the seller’s skill and judgment. —Ibid.
An action on the case, on the ground of fraudulent representations by a vendor of goods, cannot be maintained, if the vendee had full means of detecting the fraud by inspection. — India Rubber, &c., vs. Adams, 23 Pick. 256.
Where a large number of barrels of mackerel, branded under the inspection laws, as No. 3 and No. 2 mackerel, were sold in the spring; held, the description of them, as such, in the bill of parcels, was not a warranty that they were free from rust, though mackerel affected by rust were proved not to be considered as No. 1 and No. 2. — Winsor vs. Lombard, 18 Pick. 57. — But see Hogins vs. Plympton, 11 Pick. 100.
In New York it is held, that to executory sales, or agreements to sell indeterminate things, the rule applies, caveat venditor; there being an implied warranty that the article to be delivered shall at least be free from any remarkable defect.— Howard vs Hoey, 23 Wend. 350.
As to sale by sample, see Williams vs. Spafford, 8 Pick. 250.
If the holder of a note sell or barter it, with the name of a third person indorsed,, there is an implied warranty that the indorsement is genuine, unless the note appear o have been taken without reference to the indorsement, or the assignee agieed to *211 run the risk of its genuineness. —Strange vs. Ellison, 2 Bail. 385. — In New York, the same has been held, even where a note is taken at the risk of the party receiving it.— Watson vs. M'Laren, 19 Wend. 557
See Pearcy vs. Huddleston, 3 Yerg. 36.
One who interferes and aids in committing a fraud by the sale of an unsound horse, is liable to the purchaser, whether he acted as principal or agent. — Carpenter vs. Lee, 5 Yerg 265. — See Stringfellow vs. Mariott, 1 Alab. (N. S.) 573.
Where property is sold for paper represented good, but really worthless, and known to be so by the vendee, the seller may treat the contract as void, and maintain an action of trover or of deceit. — Alexander vs. Dennis, 9 Pur. 174. — F. H.]

 Com. Dig , tit. Action upon the Case for a Deceit, A, 8.

 2 East, 496, 320.

 Dyer, 75, in marg.

 [In Bradford vs. Manly, (13 Mass. Rep. 142,) Parker, C. J., says of this case, “ We think it would not now be received as law in England; certainly not in oui country." And see Hastings vs. Lovering, 2 Pick. 220.— Ed.]

 3 Bl. Com. 164, 165.

 [Sed vide Bracklin vs. Fonda, 12 Johns. Rep. 468. — Keilw. 91.— 1 Stark. 384. — Hastings vs. Lovering, 2 Pick. 220. — Long. 120.— Ross. 339. — Ed.]

 [The cases of implied warranty, in the sale of goods and chattels, contain the following principles: —
1. Every vendor of personalty impliedly warrants that he has a title enabling him to sell. — Cro. Jac. 474, 197. —1 Roll. Ab. 91, pl. 7.-2 Bl. Com. 451. —3 Bl. Com. 166. —3 T. R. 57. — 5 Taunt. 657. — 1 Johns. Rep. 274. — 6 Johns. Rep. 5. — 20 Johns. Rep. 196. — Hard. 531. —2 Dall. 91. — Dougll 18.— Garth. 90.
2. There is no distinction between merchandise and securities for money in this respect. - - 3 Yeates, 531. — Richards vs. Killam, post, 245.
3. Every one negotiating a promissory note, or bill for value, impliedly warrants that it is genuine. —15 Johns. Rep. 240. — 3 Yeates, 531. — 6 Mass. Rep. 182.
4. In every contract to furnish manufactured goods, there is an implied warranty that the goods shall be merchantable. — 6 Taunt. 108. — 4 Camp. 169.
5. Upon a written contract for goods of a particular description, which the purchaser has no opportunity of inspecting, the law implies a warranty of a salable article answering the description in the contract. —2 Pick 220. — 4 Camp. 144.
6. A description in the invoice, or bill of parcels, that they are of a particular descrip tion, amounts to a warranty. —1 Stark. 504. — 2 Pitk. 220.
7. In every contract for the sale of goods, where there is not an opportunity of inspection, there is an implied warranty that the commodity is salable. — 4 Camp. 144, 169.—6 Taunt. 108. — Long, 122. — Chitiy, 133.
8. In a sale by sample there is an implied warranty that the commodity shall correspond to the sample.—4 Barn. & Aid. 387. — 1 Camp. 113. —13 Mass. Rep. 139.— — 1 Bam. & Cresw. 1. — 4 Camp. 55.
9. If a person sell a commodity for a particular purpose, he must be understood to warrant it reasonably fit for that purpose. — Per Abbot, C. J., 4 Barn, & Cresw. 114. - 1 Car. Pay. 154. — 6 D. R. 200. And see 1 Stark. 384.
10. On a sale of provisions, the law implies a warranty that they are wholesome —Keilw. 91. —12 Johns. Rep. 468. — Long, 120. —Ross, 339. —1 Stark. 384.
11. If a publican agree with a brewer to take all his beer of him, there is an implied warranty that the beer shall be merchantable. —2 Camp. 391.
12. Where the custom of the trade is to declare whether an article be sea-damaged or not on the sale, if nothing be said, this silence will raise an implied warranty that it is not. sea-damaged. —4 Taunt. 487.
13. A declaration on the sale of an article that it is good, and such as the seller can warrant, raises a sufficient warranty. — 1 Moore, 109.
14. Where a ship is advertised as copper-fastened, to be sold 16 with all faults," these words must be understood to relate to faults which a ship might have consist *210 ently with that description of vessel; and if the ship be not what the trade call a copper-fastened ship, there is a breach of warranty. — 5 Barn, & Ald. 240
15. A warranty will not be implied on the exchange of goods. — 3 Camp. 351, 299 — Dough. 24. — 1 N. R. 151. — Sed vide 3 M’Cord, 100. — 4 Yeates, 522.
16- The name of a painter being printed opposite that of an old picture in a catalogue, held, not to amount to a warranty that the picture was the work of that artist, on the ground that it could only have been matter of opinion. — 2 Esp. 572. — Peake, -Ev. 244.
17. A general warranty will not extend to defects that are plain and obvious to the senses. —2 Bl. C. 165. — Finch, d. 189. —1 Salk. 211.—2 Roll R. 5.-2 Bibb, 602.
18. But this rule does not apply where the thing sold is not produced at the sale, nor has been seen by the vendor.—2 Littell, 227.
19. An action on the case in the nature of deceit will lie in cases of fraud, where there is no warranty, or where the warranty does not reach the particular defect 1 Car. Law Rep. 77. — Ed.]